The opinion of the Court was drawn up by
Kent, J.
The first exception is answered by the provision in c. 89, § 3 of the E. S., — "when the discovery of new evidence is alleged in the petition, the names of the witnesses to prove it, and what each is expected to testify, must be stated under oath.” The wisdom of this rule, and the necessity of enforcing it in every case, is too apparent to need elucidation.
The other exception is based upon the ruling of the Judge, which excluded the testimony of the party in interest, to facts known to him at the time of the original trial, but which ho was precluded from giving in evidence, because, as the law then stood, he could not be a witness on account of his interest. The law, at the time of the hearing on this petition, allowed him to be a witness, notwithstanding his interest.
This, clearly, is not newly discovered evidence, for it existed, and was known to the party at the time of the first trial, and he would undoubtedly have testified at that trial, and have disclosed all the facts he now sets out as the basis of his petition for a review, if the law would have authorized him so to do.
But the petitioner insists that his case comes within the spirit, if not within the letter of the law, and, that what *120 he was precluded from using, although known, should be regarded as within the purview of the rule as to newly discovered evidence.
It is not questioned that the Legislature may prescribe what evidence shall be received in Courts and the effect of that evidence, and may restrict or enlarge such rules. The petitioners’ case was tried, when interested parties or witnesses could not, by the law of the land, testify to any facts known to them. Afterwards, the Legislature saw fit to alter that rule and to allow such .persons to testify. The petitioner’s case was'finally determined, and judgment rendered therein, before the new law came into operation. It is true, he had a right to present a petition for review within three years thereafter, and the Court was authorized, in its discretion, if sufficient grounds were shown, to grant the review prayed for. The ground set forth in the petition is newly discovered evidence. The petitioners in the matter now under consideration, have not discovered any new evidence, but have discovered a new way to make testimony available, which was before known, but unavailable. But, is this a good ground for a review ? If it is — then, upon every change in the law of evidence, or in relation to the competency of witnesses, reviews may be granted.
The statute which requires that every promise to answer for the debt of another must be in writing may be repealed, and a verbal promise made effectual and binding. If a case had been tried and finally determined in favor of the defendant, where such a promise was alleged, because it was not in writing, could the plaintiff reasonably and legally claim to have the action reviewed because the law had been altered, and he could prove a verbal promise. Or, to reverse the case — A plaintiff recovers judgment on a promise not in writing, and which the law as it existed at the time of the trial did not require to be in writing; afterwards the Legislature passes an Act, which renders all that class of promises void if not in writing; must a review be granted to enable the defendant to avail himself of the new rule of evidence ?
*121 Many cases may be suggested, where, by a change of the rules of evidence, or in the established doctrines of the law, the result of trials before and after the change would necessarily be different. A party has an undoubted right to have his case tried by the application of the rules of law and evidence, existing and regulating such cases at the time of trial. But, after his rights have thus been ascertained and settled, he cannot have a new trial, on the ground that a change has been subsequently made by the Legislature in the law or in the rules of evidence applicable to his case. It may be his misfortune that he lived and had his rights determined, before all the modern reforms had found their way into the statute book.
We find that the question raised in this case has been considered and decided in Rhode Island, and, that the conclusion reached by that Court, in two cases, is similar to the opinion above stated. Briggs v. Smith, 5 R. I., 213 ; Kendall v. Winsor, 6 R. I., 453. Exceptions overruled.
Rice, Cutting, Goodenow, Davis and Walton, JJ., concurred.